No. 6101.

R. F. CHOPPIN ET AL. VS. OSCAR J. FORSTALL ET AL.

The district court erred in dismissing this suit for want of jurisdiction.

The action is one to recover property, and, the value being sufficient, the court had jurisdiction under the constitution and laws now in force. In determining the validity of the sales in question that tribunal has power to say whether or not the alleged proceedings in the probate court are valid, and sustain or annul the sales complained of without formally sustaining or annulling the said judicial proceedings. All that the plaintiffs ask in this respect is the annulment of the sales, and to have this done it is not necessary, as contended by the defendants, to obtain a judgment annulling the judicial proceedings and decrees resulting in the sale of the property.

Under the present constitution the district courts have jurisdiction of suits in which a succession is plaintiff or defendant, if the amount involved is over five hundred dollars. Such a suit is the present one. It is not a probate matter, nor are plaintiffs seeking to annul a judgment of another court.

The other grounds of exception are not well taken. The parties named in the first exception were cited, or they accepted service and waived citation, and it is not perceived that any conflict of interest exists between the tutrix and the minors. What she claims is the same in nature as that claimed for the minors. The question of estoppel and warranty does not arise in this action.

APPEAL from the Fourth Judicial District Court, parish of St. James. *Flagg*, J. *Robert G. Dugué* and *Randall Hunt*, for plaintiffs and appellants. *St. M. Berault*, *C. T. Bemiss*, and *D. Augustin*, for defendants and appellees.

HOWELL, J. The plaintiffs, who are the widow and heirs of Valérien Choppin, deceased, allege that at the death of the said V. Choppin, in July, 1866, he owned two plantations, known as the Home Place and Bay Tree, as his separate property, twenty thousand dollars in money, and other movable effects, and a standing crop which realized over twenty thousand dollars, and left no debts; that in August of the same year one of his children, Eugénie Leda, died, leaving no debts; that both succes-

sions were opened in the following month, September; that the widow and mother was confirmed as natural tutrix, and was put in possession of the two estates, free of debt, in her own right and as tutrix; that in the year 1871 the State of Louisiana instituted suit, which is still pending, against one Sosthene Theriot and his sureties, said Valérien Choppin being one, on his official bond as tax collector, for over seventeen thousand dollars; that for the purpose of protecting the estate of said Choppin from responsibility therein the firm of Edmond J. Forstall & Co. caused mortuary proceedings to be had in his succession, and prevailed on the widow to be appointed administratrix, approve fictitious accounts, including one in their favor for over nine thousand dollars, and one in favor of O. C. Olivier for six thousand five hundred dollars, and consent to a sale of the said plantations and other property; that under a decree thus obtained a simulation and fraudulent sale thereof was made by the sheriff to said E. J. Forstall & Co. for $106,335; that no money or other consideration was paid for said property, which at the time was not the property of said succession; that plaintiffs continued in the possession thereof after said pretended sale, and are now in possession of the Home Place; that the defendants have always admitted the simulation and nullity of all the said probate proceedings and sale, and that only since the death of Edmond J. Forstall, father and grandfather of plaintiffs, the defendants took illegal possession of Bay Tree plantation, which they have, by a simulated and fraudulent act, dated ninth of September, 1874, transferred to the succession of said E. J. Forstall; and they prayed that the said sheriff's sale of September 2, 1871, and the notarial transfer of the ninth of September, 1874, be avoided and annulled as simulated and fraudulent, and that they be decreed the owners of said property and quieted in possession thereof, and recover from the surviving members of said firm, and the succession and widow of E. J. Forstall, $285,208 17, revenues of the plantations recovered by them.

The defendants excepted that the forced heirs named in the exceptions, and all the parties to the proceedings complained of, had not been made parties to the suit. These exceptions were, by consent, maintained, and the parties named were cited upon a supplemental petition describing them.

Subsequently the defendants filed the following exceptions:

First—The order to make parties has not been complied with, the forced heirs not having been cited.

Second—O. C. Olivier, a party to the mortuary proceedings complained of, has not been made a party.

Third—The court is incompetent, *ratione materiæ*, to pass on and decide the issues presented in the petition, because it seeks the avoidance of acts performed under the decrees of another tribunal.

Fourth—There is a conflict of interest between the tutrix and her minor children, and she can not represent them in this suit, and the widow and R. F. Choppin are estopped by their own deed and warranty from questioning and asking the nullity of the sale of the second of September, 1871.

On trial of these exceptions the court dismissed the suit for want of jurisdiction, and plaintiffs appealed.

We think the court erred. The action is one to recover property, and, the value being sufficient, the district court has jurisdiction under the constitution and laws now in force. In determining the validity of the sales in question that tribunal has power to say whether or not the alleged proceedings in the probate court are valid, and sustain or annul the sales complained of, without formally sustaining or annulling the said judicial proceedings. All that the plaintiffs ask in this respect is the annulment of the sales, and to have this done it is not necessary, as contended by defendants, to obtain a judgment annulling the judicial proceedings and decrees resulting in the sale of the property. Under the present constitution the district courts have jurisdiction of suits in which a succession is a plaintiff or defendant, if the amount involved is over five hundred dollars. Such a suit is the present one. It is not a probate matter, nor are the plaintiffs seeking to annul a judgment of another court.

The other grounds of exception are not well taken. The parties named in the first exception were cited, or they accepted service and waived citation. And we do not see any conflict of interest between the tutrix and the minors. What she claims is the same in nature as that claimed for the minors. The question of estoppel by deed and warranty does not arise in this action.

It is therefore ordered that the judgment appealed from be reversed, that the exceptions be overruled, and the case remanded to be proceeded in according to law, appellees to pay costs of appeal.